UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

*Electronically Filed*

| | |
|---|---|
| **JEREMY E. RIDDLE** ) | |
| ) | |
| And ) | |
| ) | |
| **JENNIFER L. RIDDLE** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. ___-cv-___ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| **DEWALT INDUSTRIAL TOOL CO.**, an ) | |
| assumed name corporation for ) | |
| **BLACK & DECKER (U.S.) INC.** ) | |
| SERVE AT: Corporation Service Company ) | |
| 421 West Main Street ) | |
| Frankfort, KY 40601 ) | |
| ) | |
| And ) | |
| ) | |
| SERVE THROUGH SECRETARY ) | |
| OF STATE AT: ) | |
| P.O. Box 158 ) | |
| Hampstead, MD 21074 ) | |
| ) | |
| **and** ) | |
| ) | |
| **BLACK & DECKER (U.S.) INC.**, d/b/a ) | |
| **DEWALT INDUSTRIAL TOOL CO.** ) | |
| SERVE: Corporation Service Company ) | |
| 421 West Main Street ) | |

|  |  |  |
|---|---|---|
| | Frankfort, KY 40601 | ) |
| | | ) |
| **and** | | ) |
| | | ) |
| **STANLEY BLACK & DECKER, INC.** | | ) |
| SERVE: | Corporation Service Company | ) |
| | 421 West Main Street | ) |
| | Frankfort, KY 40601 | ) |
| | | ) |
| Defendants. | | ) |

## COMPLAINT AND JURY DEMAND

Come Plaintiffs, Jeremy E. Riddle and Jennifer L. Riddle, by counsel, and for their Complaint against the above named Defendants, state as follows:

### I. PARTIES

1. At all relevant times, Plaintiff, Jeremy E. Riddle, was a resident of Perry County, Kentucky residing at 645 Right Fork Maces Creek Road, Viper, Kentucky. Plaintiff, Jennifer L. Riddle, is the spouse of Jeremy E. Riddle and at all relevant times she was also a resident of Perry County, Kentucky residing at 645 Right Fork Maces Creek Road, Viper, Kentucky.

2. Defendant, Dewalt Industrial Tool Co., (hereinafter, "Dewalt"), is a Maryland assumed name corporation with its principal place of business located at 626 Hanover Pike, MD 21074 with a mailing address of P.O. Box 158, Hanover Pike, MD 21074. Dewalt is an assumed name corporation for and subsidiary of Black & Decker (U.S.) Inc. and is registered to do business in Kentucky through the secretary of state. Dewalt is in the business of manufacturing and selling power tools and accessories, including, but not limited to framing and circular saws, and regularly transacts business throughout the United States, including in Perry County, Kentucky. Defendant, Dewalt, directly or by its agents, regularly solicits business, engages in a

persistent course of conduct, and derives substantial revenue from goods used or consumed in Kentucky.  As more fully set out hereinafter, Defendant, Dewalt and/or its parent and subsidiary companies, manufactured, sold, and otherwise placed into the stream of commerce, directly or by and through its agents, a DeWalt DW378G 7-1/4-Inch High Torque Framing Saw, date code range: 200146F (hereinafter, "subject Saw" or "product")  in a defective and unreasonably dangerous condition; negligently failed to warn consumers and/or inadequately warned consumers, including Plaintiffs, of the defects and hazards associated with the subject Saw, and was otherwise negligent in the design, manufacturing, and marketing of the subject Saw.  Such acts, errors, and omissions on the part of Defendant, DeWalt, were a substantial factor in causing the injuries to Plaintiffs, and the other damages and losses described in this complaint.

       3.      Defendant, Black & Decker (U.S.) Inc. (hereinafter "Black & Decker") is an American corporation, foreign corporation in Kentucky, organized and existing under the laws of Maryland with its principal place of business located at 701 E. Joppa Rd., Towson, Maryland 21286.  Black & Decker is registered to transact business in Kentucky and its registered agent for service of process in Kentucky is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  Black & Decker is a wholly owned subsidiary of Stanley Black & Decker, Inc.  Black & Decker operates under the assumed name of Dewalt Industrial Tool Co.  Black & Decker is in the business of manufacturing and selling power tools, accessories, hardware, home improvement products and technology based fastening systems.  Black & Decker regularly transacts business throughout the United States, including in Perry County, Kentucky and regularly solicits business, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed in Kentucky.  As more fully set out hereinafter, Defendant, Black & Decker manufactured, sold, and otherwise placed into the stream of commerce, directly

or by and through its agents and subsidiaries, the DeWalt DW378G 7-1/4-Inch High Torque Framing Saw (hereinafter, "subject Saw" or "product") in a defective and unreasonably dangerous condition; negligently failed to warn consumers and/or inadequately warned consumers, including Plaintiffs, of the defects and hazards associated with the subject Saw, and was otherwise negligent in the design, manufacturing and marketing of the subject Saw. Such acts, errors, and omissions on the part of Defendant, Black & Decker, were a substantial factor in causing the injuries to Plaintiffs, and the other damages and losses described in this complaint.

    4.  Defendant, Stanley Black & Decker Inc. (hereinafter "Stanley Black & Decker") is an American corporation, foreign corporation in Kentucky, organized and existing under the laws of Connecticut with its principal place of business located at 1000 Stanley Drive, New Britain, Connecticut 06053. Stanley Black & Decker is registered to transact business in Kentucky and its registered agent for service of process in Kentucky is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Stanley Black & Decker is the parent corporation of Black & Decker whom operates under the assumed name of Dewalt Industrial Tool Co. Stanley Black & Decker is in the business of manufacturing and selling industrial tools and household hardware. Stanley Black & Decker regularly transacts business throughout the United States, including in Perry County, Kentucky and regularly solicits business, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed in Kentucky. As more fully set out hereinafter, Defendant, Stanley Black & Decker manufactured, sold, and otherwise placed into the stream of commerce, directly or by and through its agents and subsidiaries, the DeWalt DW378G 7-1/4-Inch High Torque Framing Saw (hereinafter, "subject Saw" or "product") in a defective and unreasonably dangerous condition; negligently failed to warn consumers and/or inadequately warned consumers, including Plaintiffs, of the defects and

hazards associated with the subject Saw, and was otherwise negligent in the design, manufacturing and marketing of the subject Saw. Such acts, errors, and omissions on the part of Defendant, Stanley Black & Decker, were a substantial factor in causing the injuries to Plaintiffs, and the other damages and losses described in this complaint.

## II. JURISDICTION AND VENUE

5. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. This Court has Federal Diversity Jurisdiction under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

7. This Court is the proper venue for this cause of action pursuant to 28 U.S.C. §1391(a) because jurisdiction is founded only on diversity jurisdiction and a substantial part of the events or omissions giving rise to this cause of action occurred in Perry County, Kentucky within this judicial district.

8. At all relevant times, Defendants transacted, solicited and did business in the United States and the Commonwealth of Kentucky through employees, agents, and/or sales representatives and derived substantial revenue from such business.

9. At all relevant times, Defendants expected or should have expected that their acts and omissions would have consequences within the United State and the Commonwealth of Kentucky.

## III. FACTS

10. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11.     This is a products liability and negligence cause of action that arises from the negligent and defective design, manufacturing and marketing of a DeWalt DW378G 7-1/4-Inch High Torque Framing Saw (hereinafter, "subject Saw" or "product") that caused severe and permanent injuries to Plaintiff, Jeremy E. Riddle.  The subject Saw was designed, manufactured, assembled and marketed by Defendants, Black & Decker, DeWalt, and/or Stanley Black & Decker, and/or its parent, subsidiary, or other related corporations or entities for whom Defendants are vicariously liable.  At all times mentioned herein, Defendants engaged in the business of designing, manufacturing, and marketing power tools, including the subject Saw, to the general public, including Plaintiff.  Defendants marketed the subject Saw as featuring an electric brake that safely stops the blade after use and as featuring a lower blade guard that closed instantly over the blade when not cutting.

12.     Defendants designed, manufactured and placed into the stream of commerce the subject Saw, a DeWalt DW378G 7-1/4-Inch High Torque Framing Saw.  The product reached Plaintiff in the same or substantially the same condition in which it was manufactured and distributed.

13.     When the product was placed in the stream of commerce by Defendants, it was defectively designed and/or manufactured, and the subject Saw was therefore inherently dangerous as designed, manufactured and sold.  The product was so designed and/or manufactured that the lower blade guard can fail to close, leaving the blade exposed and presenting a laceration hazard to consumers.  Defendants knew, or should have known of the defect and despite such knowledge negligently or intentionally placed the product into the stream of commerce.  Superior alternative designs existed and were commercially feasible that would have substantially eliminated or guarded against harm from the defect.

14. At all times relevant to this action Defendants knew or should have known of the defects and hazards associated with the subject Saw and negligently or intentionally failed to disclose them or warn the Plaintiffs of said defects and hazards. The negligent or intentional failure of Defendants to so warn Plaintiffs was a substantial factor in causing injuries to Plaintiffs, and the other damages and losses described in this complaint. Defendants knew or should have known that the defects and hazards so presented have resulted in injury to a substantial number of people. Said Defendants also knew or, in the exercise of reasonable care, should have known about the systems and devices necessary to eliminate or guard against said defects and hazards, but failed to use or disclose them or recommend them to Plaintiffs.

15. On or about November 25, 1998 and November 8, 2006, the United States Consumer Product Safety Commission and Defendants issued a recall of the DeWalt DW378G/DW378GT Framing Saws for certain dates because the lower blade guard may fail to fully close, leaving the blade exposed and presenting risk of injury, however, the subject Saw was not part of that recall.

16. On or about September 27, 2015, Plaintiff, Jeremy E. Riddle, was operating and using the DeWalt DW378G 7-1/4-Inch High Torque Framing Saw in Perry County, Kentucky. Mr. Riddle was using the subject Saw carefully, in a reasonably foreseeable manner and for its intended purposes. Mr. Riddle was using the subject Saw appropriately to saw plywood as it was intended to be used. While Mr. Riddle was using the subject Saw it unexpectedly "kicked back" causing it to become dislodged from the wood and "kick back" towards his body. The subject Saw was equipped with a lower blade guard that was intended and was supposed to instantly spring closed when it was not in the process of cutting wood. Furthermore, the subject Saw was marketed by Defendants as featuring an electric brake that safely stops the blade after use.

However, when the subject Saw "kicked back" and became dislodged from the wood, the lower blade guard failed to close, leaving the blade exposed and coming towards Plaintiff's body and ultimately striking his leg and causing severe injuries. The electric brake failed to stop the blade and the lower blade guard failed to close as advertised causing the injuries. Because of the defects in the product, Plaintiff, Jeremy E. Riddle, suffered significant injuries and damages and his wife, Plaintiff, Jennifer L. Riddle suffered loss of consortium damages.

### IV. CLAIMS FOR RELIEF

### COUNT I-DEFECTIVE DESIGN, MANUFACTURING AND MARKETING UNDER KENTUCKY PRODUCTS LIABILITY ACT

17. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. The subject Saw, as designed, manufactured, constructed, formulated, assembled, marketed, developed, prepared, processed, assembled, tested and sold by Defendants, was defective in design, manufacture and marketing and was distributed in an unreasonably dangerous condition. As a result of said defects, the subject Saw was unreasonably dangerous pursuant to Kentucky products liability law. The condition of the subject Saw remained substantially unchanged, as a whole and with respect to all parts and components that are material and relevant to these proceedings, from the time of its final assembly as a finished product until the occurrence of the subject incident. The subject Saw was defective in design and/or manufacture and unreasonably dangerous at the time it was manufactured and at the time of the subject incident and was not in accordance with industry standards. Superior alternative designs and manufacturing existed and were commercially feasible that would have substantially eliminated or guarded against harm from the defect. The defective and unreasonably dangerous condition of the subject Saw was a substantial factor in causing the damages and injuries of which Plaintiffs

complain and for which Plaintiffs seek compensatory and punitive damages in this action.

### COUNT II-NEGLIGENT DESIGN, MANUFACTURE, MARKETING AND FAILURE TO WARN UNDER KENTUCKY PRODUCTS LIABILITY ACT

19. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendants failed to exercise ordinary care, and acted negligently and with gross negligence, in the design, manufacture, assembly, inspection, testing, and marketing of the subject Saw and in failing to warn consumers and/or inadequately warning consumers, including Plaintiffs, of the defects and hazards of the subject Saw, were negligent in distributing the subject Saw, and/or was not in accordance with industry standards. Superior alternative designs and manufacturing existed and were commercially feasible that would have substantially eliminated or guarded against harm from the defect. The negligence and gross negligence of the Defendants, and each of them, was a substantial factor in causing the damages and injuries of which Plaintiffs complain and for which Plaintiffs seek compensatory and punitive damages in this action.

### COUNT III-BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. As originally designed and manufactured, and as it existed at the time of the subject incident, the subject Saw was not "merchantable" and was not fit for the particular purposes for which the subject Saw was intended. The fact that the subject Saw was not merchantable or fit for the purposes for which it was intended was a substantial factor in causing the Plaintiffs' losses and damages herein described.

**COUNT IV-BREACH OF EXPRESS WARRANTY**

23. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendants made affirmative representations and statements as to the quality, safety, and performance of its DeWalt DW378G 7-1/4-Inch High Torque Framing Saw that were relied upon by Plaintiffs in making the decision to purchase the subject Saw. These affirmative representations included, but were not limited to, a representation that the subject Saw featured an electric brake that safely stops the blade after use, a lower blade guard that closed over the blade when not cutting wood, and that it was safe to use. The affirmative representations and statements as to the quality, safety, and performance of the subject Saw constitute express warranties as to the subject Saw. The subject Saw did not perform in accordance with the affirmative representations and statements made by Defendants. The failure of the subject Saw to perform in accordance with the affirmative representations and statements of Defendants and reasonable consumer expectations based thereon constitutes a breach of express warranty and was a substantial factor in causing all the injuries, damages, pain and suffering, and losses of which the Plaintiffs complain elsewhere in this Complaint, for all of which the Plaintiffs are entitled to recover just compensation from Defendants.

**<u>DAMAGES</u>**

25. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The acts, omissions, negligence, gross negligence and other culpable acts and omissions of the Defendants, and each of them described in this Complaint were a substantial factor in causing and were the proximate cause of Plaintiffs' injuries and damages. As a result of

the culpable misconduct of the Defendants, and each of them, Plaintiff, Jennifer L. Riddle, has been deprived of the services, assistance, aid, society, and companionship of her husband, Jeremy E. Riddle, for which the Plaintiffs are entitled to full and just compensation, pursuant to KRS 411.145.

27. Each and every act and/or omission on the part of each Defendant herein combined and concurred with the acts and/or omissions of the other Defendants herein to cause the injuries and all of the other losses, injuries, and damages of which Plaintiffs complain. Each and every act and/or omission of the Defendants herein was a substantial factor in causing or contributing to cause, and was the proximate cause of, personal injuries to Plaintiff, Jeremy E. Riddle, and the other damages, and losses to Plaintiff Jennifer L. Riddle. The defective and unreasonably dangerous condition of the subject Saw, the negligence of Defendants, and Defendant's breaches and failure to warn described herein was a substantial factor in causing or contributing to cause the personal injuries to Plaintiff, Jeremy E. Riddle, and all the other injuries and damages to Plaintiffs described in this complaint including loss of consortium damages for Jennifer L. Riddle, for all of which Plaintiffs are entitled to recover full and just compensation from the Defendants, jointly and severally.

28. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject Saw, and as a direct and proximate result of the negligence of the Defendants as set forth herein, and as a direct and proximate result of the Defendants' breach of warranties and failure to warn as set forth herein, the Plaintiffs sustained the following damages:

   a) Jeremy E. Riddle suffered physical, mental, and emotional pain as a result of his injuries, for which he is entitled to full and just compensation;
   b) Jeremy E. Riddle has incurred medical expenses for the care and treatment of his injuries,

continues to incur medical expenses, and is likely to incur medical expenses in the future, for which he is entitled to past, present, and future medical expenses;

c) Jeremy E. Riddle lost wages and suffered a loss in his future earning capacity because of his injuries; and

d) Jennifer L. Riddle suffered a loss of the services, assistance, aid, society and companionship of her husband, Jeremy E. Riddle, for which she is entitled to a loss of consortium claim and damages.

29. Plaintiffs are entitled to monetary recovery from the Defendants, and each of them, jointly and severally, in an amount, in excess of the minimum jurisdictional limits of this court and to be determined by the jury at trial, sufficient to fully and justly compensate the Plaintiffs, for each and every injury, loss, damage, cost, and expense described in this complaint and proven by the evidence at trial.

## PUNITIVE DAMAGES

30. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The conduct of Defendants described above, was carried out by Defendants with a flagrant indifference to the rights of the foreseeable users of the subject Saw, including the Plaintiffs herein with a subjective awareness that such conduct would result in bodily harm.  Defendants were grossly negligent in its design, manufacture, testing, and marketing of the subject Saw and/or its component parts.  Therefore, the Plaintiffs should recover punitive damages against Defendants, Black & Decker, Dewalt, and Stanley Black & Decker in such an amount as the jury may deem necessary in order to punish Defendants, for its conduct described above, and to discourage Defendants and others from similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment against the Defendants, Black & Decker, Dewalt, Stanley Black & Decker and any and all unknown defendants, jointly and severally as follows:

(1) For compensatory damages in such amounts, in excess of the minimum jurisdictional limits of this court, as will reasonably compensate Plaintiffs for the injuries, damages, and losses enumerated in this Complaint;

(2) For punitive damages against each of the Defendants in such amount, as to each, as a properly instructed jury may deem necessary and appropriate to accomplish the societal purposes thereof;

(3) For a jury trial on all issues so triable;

(4) For plaintiffs' costs herein expended;

(5) For interest on the judgment, as provided for by law;

(6) For any and all other relief to which the plaintiffs may appear to be entitled.

THIS **22nd** DAY OF **SEPTEMBER**, **2016**.

    Respectfully submitted,

/s/ L. Dustin Riddle
L. DUSTIN RIDDLE
Flynt Law Offices
P.O. Box 760
Salyersville, KY  41465
(606) 349-6210 or 349-6211
(606) 349-6214 fax
*Counsel for Plaintiff*
E-mail: Ldridd3@yahoo.com